## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**LONNA HARLESS,**

       **Plaintiff,**

**v.**                                        **Case No.: 3:13-cv-02557**

**RUDD EQUIPMENT,**

       **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Defendant's Motion for Sanctions and to Dismiss (ECF No. 12) and Defendant's Renewed Motion for Sanctions and to Dismiss. (ECF No. 15). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Defendant's motions be **GRANTED,** and the complaint be **DISMISSED**, **with prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L.R.Civ.P. 41.1.

Plaintiff, Lonna Harless, filed the *pro se* complaint herein on August 13, 2012 in the Circuit Court of Putnam County, West Virginia, alleging that the defendant had violated her rights under the Family Medical Leave Act. (ECF No. 1-1). Defendant removed the action to federal court on February 13, 2013 and filed an answer to the

1

complaint. (ECF No. 3).

On March 4, 2013, the undersigned issued an Order scheduling an initial status conference on April 11, 2013. (ECF No. 4). The Order also required the parties to meet and conduct a Rule 26(f) planning meeting and file a report of the meeting prior to the initial conference. On April 4, 2013, Defendant filed a report of the Rule 26(f) meeting, indicating that Defendant had called and written Plaintiff to arrange the meeting, and had supplied her with two draft reports, but Plaintiff had never responded. (ECF No. 5). Plaintiff did not submit her own report or otherwise acknowledge Defendant's filing.

The undersigned proceeded with the initial status conference, as scheduled, on April 11, 2013. Defendant was present by counsel, but Plaintiff failed to appear although she was required to do so by the Order. (ECF No. 6). Accordingly, the undersigned conferred with counsel for Defendant regarding a Scheduling Order and subsequently entered a pre-trial schedule. (ECF No. 8). In the Scheduling Order, the Court notified Plaintiff that her failure to participate and abide by the Federal Rules of Civil Procedure and Local Rules of this District would constitute grounds for an involuntary dismissal of the complaint. (*Id.* at 1-2).

According to the Scheduling Order, the parties were required to file Rule 26(a)(1) disclosures on or before April 30, 2013, and were to complete discovery by October 31, 2013. (*Id.* at 2). Defendant filed disclosures, but Plaintiff did not. Defendant served Plaintiff with discovery requests on August 21, 2013, but Plaintiff never answered them. (ECF No. 12-3 at 1). Defendant sent a second copy of the discovery requests to Plaintiff on September 23, 2013, and again, Plaintiff ignored them. (*Id.*). On October 25, 2013, Defendant filed a Motion for Sanctions and to Dismiss, arguing that Plaintiff had "entirely failed to communicate, appear, prosecute, or otherwise participate in discovery

or any other aspect of this litigation." (ECF No. 12 at 1). Defendant requested that the complaint be dismissed for Plaintiff's failure to prosecute.

On October 28, 2013, the undersigned issued an Order advising Plaintiff that a motion to dismiss the complaint had been filed and that she was granted through and including November 22, 2013 in which to respond to the motion. (ECF No. 14). Plaintiff was warned that a failure to respond to the motion might result in a recommendation that the complaint be dismissed. She was also asked to notify the Court if she had decided not to pursue her claims. (*Id.*). Plaintiff did not file a response, nor did she communicate in any fashion with the Court.

On December 30, 2013, Defendant filed a renewed motion for dismissal of the complaint, emphasizing Plaintiff's wholesale abandonment of her obligations under the discovery rules and the orders of this Court. (ECF No. 15). Indeed, a review of the docket reflected that Plaintiff had not participated in any manner in the action since its removal to this Court. Moreover, Plaintiff had entirely disregarded several court orders. Defendant argued that it had been forced to incur "significant expense defending against meritless claims Plaintiff evidently never intended to prosecute." (*Id.* at 1).

After considering Defendant's motion, the undersigned issued an Order on January 6, 2014 compelling Plaintiff to show cause why her complaint should not be dismissed, with prejudice, for failure to prosecute and to abide by the orders of the Court.  (ECF No. 16). Plaintiff was also given the option of seeking a dismissal without prejudice. More than thirty days have elapsed since the show cause order was issued. Yet, acting true to form, Plaintiff has neither responded, nor taken steps to prevent a dismissal of her complaint.

According to Fed.R. Civ. P. 41(b), a complaint may be dismissed on the motion of the defendant "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under L.R.Civ.P. 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends upon the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). Thus, notwithstanding a court's authority under the rules, when assessing whether to impose the harsh sanction of dismissal, four factors should be considered, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received all of the Orders issued by the undersigned, but has failed to take any of the steps necessary to litigate her claims. Therefore, Plaintiff is entirely responsible for the delay in

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

prosecution. In addition, this matter has been pending on the Court's docket for nearly a year without any action on the part of the Plaintiff, demonstrating her history of proceeding in a dilatory fashion.

As a general rule, a delay in prosecution results in some measure of prejudice to the defendant because witnesses become unavailable and memories become stale with the passage of time. In addition, Plaintiff's inaction in this case has caused Defendant to incur unnecessary expenses. Despite being asked more than once to state her intentions regarding the prosecution of her complaint, Plaintiff chose to remain silent. As a result, she forced Defendant to file reports, serve discovery, appear at a status conference, and file motions that were costly and time-consuming. If she would have extended Defendant the courtesy of notifying its counsel that she did not intend to pursue her case, resources of both the Defendant and the Court would have been preserved. Plaintiff has blatantly disregarded the Court's orders, and shows no interest in prosecuting this civil action despite warnings that her case will be dismissed if she fails to act. Therefore, a sanction less than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

For the stated reasons, the undersigned **FINDS** that Plaintiff has effectively abandoned her claims and shows no interest in prosecuting this civil action. Therefore, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Defendant's motions for dismissal (ECF Nos. 12, 15) be **GRANTED**, the complaint be **DISMISSED**, **with prejudice**, and this matter be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**:  February 11, 2014

Cheryl A. Eifert
United States Magistrate Judge